

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

**12 6162**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

**BEVERLY MINTON**

**DEFENDANTS**   **CORPORAL DALE S. GUYER**

**AND WARDEN D. EDWARD MCFADDEN AND**

**CHESTER COUNTY**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   **MONTGOMERY**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   **CHESTER**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**ALAN E. DENENBERG, ESQUIRE
ABAMSON & DENENBERG, P.C.
1315 WALNUT ST. 12TH FL.
PHILA., PA. 19107 (215) 546-1345**

ATTORNEYS (IF KNOWN)

**UNKNOWN**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 150 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 196 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 365 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 382 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth In Lending<br>☐ 380 Other Personal Property Damage<br>☐ 395 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations;<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts.<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**28 U.S.C. §§1331 AND 1343**

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ **EXCESS OF $150,000.00**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

**NONE**

JUDGE _____ DOCKET NUMBER _____

DATE   **10/31/12**

SIGNATURE OF ATTORNEY OF RECORD

**OCT 31 2012**

FOR OFFICE USE ONLY



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

BEVERLY MINTON

            v.

CORPORAL DALE S. GUYER,
WARDEN D. EDWARD MCFADDEN AND
CHESTER COUNTY

CIVIL ACTION

NO. **12   6162**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (x)

__10/31/12__
**Date**

(215) 546-1345

**Telephone**

_Attorney-at-law_

**FAX Number**

ALAN E. DENENBERG, ESQ.
**Attorney for Plaintiff**

**E-Mail Address**

(Civ. 660) 10/02

OCT 3 1 2012

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____ 619 BRIDGE STRET, GRATERFORD, PA. 19426

Address of Defendant: _____ 15 GREENHILL ROAD, COATESVILLE, PA. 19320

Place of Accident, Incident or Transaction: _____ 313 W. MARKET STREET, WEST CHESTER, PA. 19382

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?                    Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

    Yes☐   No☒

CIVIL. (Place ✔ in ONE CATEGORY ONLY)

A   *Federal Question Cases:*

1   ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2   ☐ FELA
3   ☐ Jones Act-Personal Injury
4   ☐ Antitrust
5   ☐ Patent
6   ☐ Labor-Management Relations
7   ☒ Civil Rights
8   ☐ Habeas Corpus
9   ☐ Securities Act(s) Cases
10  ☐ Social Security Review Cases
11  ☐ All other Federal Question Cases
    (Please specify)

B   *Diversity Jurisdiction Cases:*

1.  ☐ Insurance Contract and Other Contracts
2.  ☐ Airplane Personal Injury
3.  ☐ Assault, Defamation
4.  ☐ Marine Personal Injury
5.  ☐ Motor Vehicle Personal Injury
6   ☐ Other Personal Injury (Please specify)
7   ☐ Products Liability
8   ☐ Products Liability — Asbestos
9   ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **ALAN E. DENENBERG** _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: **OCTOBER 31, 2012** _____    54161

Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **OCTOBER 31, 2012** _____    54161

Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/98)

OCT 3 1 2012



#350

WY



ABRAMSON & DENENBERG, P.C.
BY: ALAN E. DENENBERG, ESQUIRE          ATTORNEY FOR PLAINTIFF
IDENTIFICATION NUMBER: 54161
1315 WALNUT STREET, 12TH FLOOR
PHILADELPHIA, PA 19107
(215) 546-1345

FILED

OCT 31 2012

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY MINTON : | CIVIL ACTION |
| 619 BRIDGE STREET : | |
| GRATERFORD, PA 19426 : | No.   **12   6162** |
|     **Plaintiff** : | |
| : | **JURY TRIAL DEMANDED** |
|    **v.** : | |
| : | |
| CORPORAL DALE S. GUYER : | |
| 15 GREENHILL RD. : | |
| COATESVILLE, PA 19320 : | |
|     AND : | |
| WARDEN D. EDWARD MCFADDEN : | |
| 501 S. WAWASET RD. : | |
| WEST CHESTER, PA 19382 : | |
|     AND : | |
| CHESTER COUNTY : | |
| 313 W. MARKET ST. : | |
| P.O. BOX 279 : | |
| WEST CHESTER, PA 19382 : | |

### COMPLAINT

1.      Plaintiff, Beverly Minton, is an adult female and citizen of the

Commonwealth, residing as captioned.

2.      Defendant, Corporal Dale S. Guyer was at all times material hereto a

Correctional Officer at Chester County Prison and is being sued both individually and in his

official capacity as a correctional officer and agent and/or employee of Chester County

Prison and Defendant, Chester County.

5

3.      At all material times, defendant, Corporal Guyer, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of Chester County Prison, and the defendants, Warden McFadden and Chester County.

4.      Defendant, Warden McFadden, was at all times material hereto the Warden at Chester County Prison who had final decision making authority over all policy and procedure implicated by, and relevant to, the causes of action alleged in Plaintiff's Complaint and was directly responsible for the hiring, training and supervision of Defendant, Corporal Guyer. Defendant, Warden McFadden is being sued in both his individual and official capacities.

5.      Defendant, Chester County, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

6.      This court has jurisdiction over the Federal law claims pursuant to 28 U.S.C. §§1331 and 1343.

7.      Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in and around Chester County, Pennsylvania, which is in the Eastern District of Pennsylvania.

8.      Plaintiff, Beverly Minton, was either a pretrial detainee or inmate/prisoner being housed in Chester County Prision.

9.      On October 30, 2010, Plaintiff, Beverly Minton, had unwanted sexual intercourse with Defendant, Corporal Guyer, in the basement level of Chester County Prison.

10.    Again, on October 31, 2010, Plaintiff, Beverly Minton, had unwanted sexual intercourse with Defendant, Corporal Guyer, in the basement level of Chester County Prison.

11.    As a result of the unwanted sexual intercourse with Plaintiff, Defendant, Corporal Guyer, was charged and convicted of Institutional Sexual Assault, and dismissed from his position at Chester County Prison.

12.    It is believed, and therefore averred, that Defendant Warden McFadden and/or Chester County knew that Defendant, Corporal Guyer, had engaged in similar conduct with other female pretrial detainees and/or inmates at Chester County Prison and was deliberately indifferent to the risk that Corporal Guyer posed to Plaintiff and other female inmates and that this deliberate indifference was the direct and proximate cause of the Corporal Guyer's sexual assault on the Plaintiff.

13.    It is believed and therefore averred that there are other incidences of Institutional Sexual Assault at Chester County Prison by male correctional officers and that Defendant Warden McFadden and/or Chester County knew about these other incidences but failed to adequately train and supervise its male correctional officers regarding the sexual assault of female pretrial detainees/inmates.

14.    Plaintiff, Beverly Minton has a right to bodily safety and integrity protected by the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment.

15.    Defendant, Corporal Guyer's decision to have unwanted sexual intercourse with the Plaintiff in violation of Pennsylvania Criminal Law was arbitrary and capricious in violation of Plaintiff's rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

16.    Defendant, Corporal Guyer's intentional sexual assault on the Plaintiff was conscience shocking and/or deliberately indifferent to the Plaintiff's rights to bodily integrity by the Due Process Clause and Equal Protection Clauseof the Fourteenth Amendment of the United States Constitution.

17.    Defendant, Corporal Guyer's sexual assault on the Plaintiff was intentional, malicious and wanton conduct constituting cruel and unusual conduct under the Eight Amendment of the United States Constitution.

18.    As a direct and proximate result of the aforementioned acts and conduct of the Defendant, Corporal Guyer, the Plaintiff sustained emotional and psychological injuries; some or all of which the Plaintiffs has been advised may be permanent in nature.

19.    As a direct and proximate result of the aforementioned actions of the Defendant, Corporal Guyer, the Plaintiff received physical injuries, including the be forced to have unwanted sex.

20.    As a direct and proximate result of the aforementioned actions of the Defendant, Corporal Guyer, the Plaintiff suffered disability, humiliation, loss of reputation, loss of enjoyment of life, mental anguish and emotional distress and will continue to suffer same for an indefinite time in the future to their great detriment and loss.

21.    As a direct and proximate result of the aforementioned actions of the Defendant, Corporal Guyer, the Plaintiff has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical treatment for an indefinite period of time in the future, to their great detriment and loss.

## COUNT I--42 U.S.C. § 1983
## SUBSTANTIVE DUE PROCESS/EQUAL PROTECTION/EIGHTH AMENDMENT
## PLAINTIFF v. CORPORAL GUYER

22.     Paragraphs 1 through 21 are incorporated herein by reference, as though each were fully set forth herein at length.

23.     Plaintiff had a substantive due process right and equal protection right to bodily integrity protected by the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

24.     Plaintiff had a right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

25.     Defendant, Corporal Guyer, took advantage of his position of authority as a correctional officer to intentionally and maliciously engage in unwanted sexual intercourse with the Plaintiff in violation of her rights under the Due Process Clause/Equal Protection Clause of the Fourteenth Amendment and/or the Eight Amendment of the United States Constitution.

26.     Defendant, Corporal Guyer's conduct shocks the conscience and was done with deliberate indifference to Plaintiff's Due Process/Equal Protection right to bodily integrity.

27.     As a direct and proximate result of the malicious, intentional, and/or reckless actions of the Defendant, Corporal Guyer, the Plaintiff suffered injuries that are described above.

28.     The above-described actions of the Defendant, Corporal Guyer, in his individual capacity, was so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C.§§1983 Plaintiff, Beverly Minton, demands compensatory and punitive damages against Defendant, Corporal Guyer, jointly and/or severally in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

34.     The Plaintiff believes and therefore avers that the defendant, Warden McFadden and/or Chester County has adopted and maintained for many years a recognized and accepted policy, custom and/or practice of failing to properly investigate matters in which male correctional officers engaged in unwanted sexual intercourse with female inmates/pretrial detainees such as the Plaintiff, which allows for and results in an encouragement to male correctional officers within the Chester County Prison to continue doing same, and creates policies, practices and/or customs allowing officers to proceed in this manner and creates an atmosphere for the allowance of conduct by members of the Chester County Prison without fear of punishment.

35.     By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, custom and/or practice, defendant, Warden McFadden and/or Chester County condoned, acquiesced in, participated in and perpetrated the policy, custom and/or practice in violation of the plaintiff's rights under the Eighth and Fourteenth Amendments of the Constitution of the United States.

36.     As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendant, Warden McFadden and/or Chester County, the plaintiff, Beverly Minton, suffered injuries which are described above.

**WHEREFORE**, pursuant to 42 U.S.C.§§1983 Plaintiff, Beverly Minton, demands compensatory damages against Defendant, Warden McFadden and/or Chester County, jointly and/or severally in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

RESPECTFULLY SUBMITTED,

BY:_____
     ALAN DENENBERG, ESQUIRE